IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| FREDDY GONZALEZ, <br> TDCJ # 1702969, <br>    Petitioner, <br><br> v. <br><br> WILLIAM STEPHENS, <br> Director, Texas Department of <br> Criminal Justice, Correctional <br> Institutions Division, <br>    Respondent. | § § § § § § § § § § § § | EP-14-CV-431-DCG |

## MEMORANDUM OPINION AND ORDER

In a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, Petitioner Freddy Gonzalez challenges Respondent William Stephens's custody of him pursuant to a thirty-five-year sentence imposed by the 120th Judicial District Court of El Paso County, Texas, after a jury found him guilty of murder.[1] Gonzalez asserts the trial court erred when it instructed the jury on the law of self-defense[2] and admitted evidence of his bad character.[3] Stephens contends Gonzalez's "claim lacks merit."[4] After carefully reviewing the record, and for the reasons discussed below, the Court finds Gonzalez is not entitled to § 2254 relief. The Court will accordingly deny his petition and decline to certify his issues for appeal.

---

[1] *State v. Gonzalez*, Case No. 20100D03505 (120th Dist. Ct., El Paso Cnty., Tex. Feb. 11, 2011), *aff'd*, No. 08-11-00147-CR, 2012 WL 4101900 (Tex. App.–El Paso Sept. 19, 2012, pet. ref'd).

[2] Pet'r's Pet. 4, Feb. 24, 2015, ECF No. 10. "ECF No." in this context refers to the Electronic Case Filing number for documents docketed in the instant case. Where a discrepancy exists between page numbers on filed documents and page numbers assigned by the ECF system, the Court will use the latter page numbers.

[3] Pet'r's Suppl. Pet. 2, June 12, 2015, ECF No. 15-1.

[4] Resp't's Answer 1, June 19, 2015, ECF No. 16.

## BACKGROUND AND PROCEDURAL HISTORY

On July 4, 2009, Gonzalez gathered with other family members to drink beer and enjoy the holiday at his parents' home in El Paso, Texas. Late in the afternoon, Gonzalez began arguing with his brother-in-law, Hector Cifuentes, over who would pay for more beer. The argument degenerated into a fistfight, and several witnesses observed Gonzalez reach to his side and make a forward motion toward Cifuentes with his hand. When the witnesses separated the two men, they saw Gonzalez holding a bloody knife and Cifuentes bleeding profusely from his chest. Gonzalez fled to Mexico. A doctor pronounced Cifuentes dead upon his arrival at a local hospital. Gonzalez returned to the United States that evening and surrendered to El Paso police officers. A medical examiner later determined that a stab wound to Cifuentes's chest, which penetrated his heart, caused his death.

Indicted and tried for murder, Gonzalez testified he did not know how Cifuentes sustained the chest wound, but suggested "that it must have occurred when Cifuentes was pulling Gonzalez's knife from his right-front pocket while they both struggled for its control."[5] Gonzalez's "testimony was uncorroborated, and, more importantly, was contradicted by evidence the State developed at trial."[6] Specifically, a next-door neighbor testified that while he observed Gonzalez and Cifuentes boxing in the backyard, he did not see them struggling over a knife, as Gonzalez testified.[7] Likewise, one of Gonzalez's friends testified that he saw Gonzalez and Cifuentes come to blows after arguing, but did not suggest that they struggled over a knife, as Gonzalez

---

[5] *Gonzalez v. State*, No. 08-11-00147-CR, 2012 WL 4101900, at *1 (Tex. App.-El Paso Sept. 19, 2012, pet. ref'd).

[6] *Id.* at *3.

[7] *Id.*

maintained.[8]

The abstract portion of the trial court's charge contained the following instruction on the law of self-defense and the use of deadly force in self-defense:

> Self-defense: ... a person is justified in using force against another when and to the degree the actor reasonably believes the force is immediately necessary to protect the actor against the other's use or attempted use of unlawful force. The actor's belief that the force was immediately necessary ... is presumed to be reasonable if the actor:
> Did not provoke the person against whom the force was used and.
> Was not otherwise engaged in criminal activity, other than a Class C misdemeanor that is a violation of a law or ordinance regulating traffic at the time the force was used.
> ....
> A person is justified in using deadly force against another:
> If the actor would be justified in using force to defend himself, self-defense; and
> When and to the degree the actor reasonably believed that the deadly force is immediately necessary:
> To protect the actor against the other's use or attempted use of unlawful deadly force, or
> To prevent the other's imminent commission of murder.[9]

The application paragraphs in the charge concerning the law of self-defense read:

> But [if] you further find from the evidence or have a reasonable doubt thereof that the defendant, Freddy Gonzalez, reasonably believed or is presumed to have reasonably believed as viewed from his standpoint alone that deadly force when and to the degree used, if it was, was immediately necessary to protect himself against the use or attempted use of unlawful deadly force by the said Hector Saul Cifuentes, you will acquit the defendant, Freddy Gonzalez, and say by your verdict   not guilty.
> And sign Verdict Form D.
> ....

---

[8] *Id.*

[9] 8 Tr. R. 12-14, June 8, 2015, ECF No. 14-18.

> You are further instructed, however, that if you believe from the evidence beyond a reasonable doubt that at the time and place in question, ... Cifuentes was not using or attempting to use unlawful force on the Defendant, or if you believe beyond a reasonable doubt that the State has proven that the facts giving rise to the presumption of reasonable belief that force was immediately necessary do not exist, then you will find against the Defendant on his plea of self-defense, and say by your verdict guilty.
> And sign Verdict Form A.
> And not consider any other charges below.[10]

"Although Gonzalez objected to other parts of the charge, he did not object to the [application] paragraph[s]" at trial.[11]

The jury convicted Gonzalez of murder and the trial court sentenced him to thirty-five years' imprisonment. Gonzalez appealed.

In his first issue on appeal, Gonzalez maintained the second application paragraph erroneously instructed the jury to convict him without first finding that he had not acted in self-defense. The Eighth Court of Appeals rejected this argument, explaining that "[c]onsidering the relationship between the abstract portion of the charge and all of its application paragraphs, the jury charge ameliorated the purportedly erroneous application paragraph of which Gonzalez complains and did not, as a whole, misinform the jury on the law of self-defense."[12] Furthermore, the appellate court added, "[t]he weight of the probative evidence that the State developed at trial refuting Gonzalez's claim of self-defense was such that ... the jury could have found beyond a

---

[10] *Id.* 17-18.

[11] *Gonzalez v. State*, No. 08-11-00147-CR, 2012 WL 4101900, at *1 (Tex. App.-El Paso Sept. 19, 2012, pet. ref'd).

[12] *Id.* at *2.

reasonable doubt that Gonzalez did not have a reasonable belief that deadly force was required."[13]

In his second issue on appeal, Gonzalez asserted the trial court erred by admitting, over his objections, evidence of his unrelated bad conduct when he had not placed his reputation at issue. Specifically, he complained "of the admission of evidence that: (1) he assaulted his wife once and threatened her with a knife on another occasion; (2) pulled a handgun on a woman and asked her if she wanted to die; and (3) destroyed a friend's satellite dish."[14] The Eighth Court of Appeals rejected this argument, reasoning "any error the trial court committed by admitting the extraneous-offense evidence during the State's case-in-chief was cured when [his brother] testified that Gonzalez was mellow and peaceful."[15]

Gonzalez argued in his state application for a writ of habeas corpus that the trial court erred by failing to instruct the jury that "as an affirmative defense that applicant reasonably believed that deadly force was immediately necessary during a struggle over a knife to protect himself against the deceased's unlawful use of deadly force as was raised by the evidence …"[16] The Texas Court of Criminal Appeals rejected the argument and denied relief without a written order.[17]

In his instant petition, Gonzalez claims that the trial court denied him due process and equal protection when it failed to instruct the jury on the "affirmative defense that [he] reasonably believed that deadly force was immediately necessary during a struggle over a knife to protect

---

[13] *Id.*

[14] *Id.* at *4.

[15] *Id.* at *6.

[16] State Writ Appl. 33, WR-82,621-01, at 33, June 8, 2015, ECF No. 14-25.

[17] State Writ Appl., Action Taken, WR-82,621-01, June 8, 2016, ECF No. 14-23.

[himself] against the deceased's unlawful use of deadly force."[18]  Gonzalez argues the Eighth Court of Appeals, which issued the last reasoned opinion on the matter, "misapplied" *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985), when it failed "to analyze the harmfulness of the jury charge error."[19]  In a supplement to his petition, Gonzalez adds the trial court erred when it allowed the State to introduce evidence of his prior bad conduct.[20]

## APPLICABLE LAW

"[C]ollateral review is different from direct review,"[21] and the writ of habeas corpus is "an extraordinary remedy"[22] reserved for those petitioners whom "society has grievously wronged."[23]  It "is designed to guard against extreme malfunctions in the state criminal justice system."[24]  It provides an important, but limited, examination of an inmate's conviction and

---

[18] Pet'r's Pet. 6, Feb. 24, 2015, ECF No. 10.

[19] *Id.* at 3.  The standard of review differs depending on whether defendant made a timely objection at trial.  *Bluitt v. State*, 137 S.W.3d 51, 53 (Tex. Crim. App. 2004).  If the error was the subject of a timely objection, reversal is required if there is some harm to defendant as a result of the error.  Tex. Code Crim. Proc. Ann. art. 36.19; *Ovalle v. State*, 13 S.W.3d 774, 786 (Tex. Crim. App. 2000); *Almanza v. State*, 686 S.W.2d 157, 171 (Tex. Crim. App. 1985) (op. on reh'g).  If no proper objection was made at trial, reversal is required only if the error is so egregious that the defendant was denied a fair and impartial trial.  *Ovalle*, 13 S.W.3d at 786; *Almanza*, 686 S.W.2d at 171.  Errors that result in egregious harm are those that affect the very basis of the case, deprive the defendant of a valuable right, or vitally affect a defensive theory.  *Id.* at 172.  The degree of harm is determined in light of the entire jury charge, the state of the evidence, including the contested issues and weight of probative evidence, the argument of counsel and any other relevant information revealed by the record of the trial as a whole.  *Id.* at 171.

[20] Pet'r's Suppl. Pet. 2, June 12, 2015, ECF No. 15-1.

[21] *Brecht v. Abrahamson*, 507 U.S. 619, 633 (1993).

[22] *Id.*

[23] *Id.* at 634.

[24] *Id.* (citing Justice Stevens's concurrence in *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979)).

sentence.[25] Accordingly, the federal habeas courts' role in reviewing state prisoner petitions is exceedingly narrow. "Indeed, federal courts do not sit as courts of appeal and error for state court convictions."[26] They must generally defer to state court decisions on the merits[27] and on procedural grounds.[28] They may not grant relief to correct errors of state constitutional, statutory, or procedural law, unless a federal issue is also present.[29]

A federal court may grant relief only if "the state court's adjudication of the merits was 'contrary to, or involved an unreasonable application of, clearly established Federal law,'"[30] or "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[31] The focus of this well-developed standard "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold."[32]

Moreover, the federal court's focus is on the state court's ultimate legal conclusion, not

---

[25] *Harrington v. Richter*, 562 U.S. 86, 103 (2011) ("[S]tate courts are the principal forum for asserting constitutional challenges to state convictions.").

[26] *Dillard v. Blackburn*, 780 F.2d 509, 513 (5th Cir. 1986).

[27] *Moore v. Cockrell*, 313 F.3d 880, 881 (5th Cir. 2002).

[28] *Coleman v. Thompson*, 501 U.S. 722, 729-30 (1991); *Muniz v. Johnson*, 132 F.3d 214, 220 (5th Cir. 1998).

[29] *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991); *West v. Johnson*, 92 F.3d 1385, 1404 (5th Cir. 1996).

[30] *Berghuis v. Thompkins*, 560 U.S. 370, 378 (2010) (quoting 28 U.S.C. § 2254(d)(1)).

[31] 28 U.S.C. § 2254(d)(2) (2012).

[32] *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007).

whether the state court considered and discussed every angle of the evidence.[33] Indeed, "state courts are presumed to know and follow the law."[34] Factual findings, including credibility choices, are entitled to the statutory presumption, so long as they are not unreasonable "in light of the evidence presented in the State court proceeding."[35] Further, factual determinations made by a state court enjoy a presumption of correctness which the petitioner can rebut only by clear and convincing evidence.[36] The presumption of correctness applies not only to express findings of fact, but also to "unarticulated findings which are necessary to the state court's conclusions of mixed law and fact."[37]

In sum, the federal writ serves as a "'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal."[38] "If this standard is difficult to meet, that is because it was meant to be."[39]

## ANALYSIS

### A. Jury Instructions

---

[33] *Neal v. Puckett*, 286 F.3d 230, 246 (5th Cir. 2002) (en banc); *see also Catalan v. Cockrell*, 315 F.3d 491, 493 (5th Cir. 2002) ("we review only the state court's decision, not its reasoning or written opinion").

[34] *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002).

[35] 28 U.S.C. § 2254(d)(2).

[36] 28 U.S.C. § 2254(e)(1); *see Clark v. Quarterman*, 457 F.3d 441, 444 (5th Cir. 2006) (noting that a state court's determination under § 2254(d)(2) is a question of fact).

[37] *Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001).

[38] *Harrington v. Richter*, 562 U.S. 86, 102–03 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332, n.5 (1979) (Stevens, J., concurring in judgment)).

[39] *Id.*

Gonzalez first contends that the trial court erred by failing to properly instruct the jury on the issue of self-defense. Gonzalez maintains the state trial court denied him due process and equal protection when it failed to instruct the jury on the "affirmative defense that [he] reasonably believed that deadly force was immediately necessary during a struggle over a knife to protect [himself] against the deceased's unlawful use of deadly force."[40]

Because the Eighth Court of Appeals issued "the last reasoned opinion" on this issue, the Court will review that appellate court's decision to determine whether the denial of this claim was contrary to or an unreasonable application of federal law.[41]

A jury instruction violates due process if it fails to give effect to the requirement that the State must prove every element of the alleged offense.[42] "Nonetheless, not every ambiguity, inconsistency, or deficiency in a jury instruction rises to the level of a due process violation."[43] In examining a jury instruction, a court must evaluate "'whether the ailing instruction ... so infected the entire trial that the resulting conviction violates due process.'"[44] Furthermore, "'a single instruction to a jury may not be judged in artificial isolation, but must be viewed in the context of the overall charge.'"[45]

The Eighth Court of Appeals reviewed the self-defense instruction in the context of the

---

[40] Pet'r's Pet. 6, Feb. 24, 2015, ECF No. 10.

[41] *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

[42] *Sandstrom v. Montana*, 442 U.S. 510, 520–521 (1979).

[43] *Middleton v. McNeil*, 541 U.S. 433, 437 (2004).

[44] *Estelle v. McGuire*, 502 U.S. 62, 72 (1991) (quoting *Cupp v. Naughten*, 414 U.S. 141, 147 (1973)).

[45] *Boyde v. California*, 494 U.S. 370, 378 (1990) (quoting *Cupp, supra*, at 146-147).

entire record and concluded that, even assuming that the trial court failed to properly apply the law of self-defense, Gonzalez did not suffer any harm:

> Considering the jury charge, the weight of the contested evidence, arguments of counsel, and *voir dire,* we hold that Gonzalez has failed to show that he was egregiously harmed as a result of the alleged jury-charge error. Accordingly, we overrule his first issue.[46]

"The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike."[47] In this case, Gonzalez presents no evidence that he received treatment different from any other criminal defendant. "Conclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief."[48]

Gonzalez has not shown a due process or equal protection violation here. Thus, Gonzalez has not met his burden of showing the state court's denial of relief with regard to this claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court.[49] In addition, Gonzalez has not shown that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented

---

[46] *Gonzalez v. State*, No. 08-11-00147-CR, 2012 WL 4101900, at *4 (Tex. App.-El Paso Sept. 19, 2012, pet. ref'd).

[47] *City of Cleburne, Tex. v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)).

[48] *Beard v. Clarke*, 18 F. App'x 530, 531 (9th Cir. 2001) (quoting *James v. Borg*, 24 F.3d 20, 26 (9th Cir.1994)).

[49] 28 U.S.C. § 2254(d).

in the state court proceedings.[50] He is not entitled to § 2254 relief on this claim.

### B. Evidence of Prior Bad Conduct

Gonzalez next claims the trial court erred when it allowed the State to introduce evidence of his prior bad conduct during the cross-examination of his brother.[51] This, according to Gonzalez, allowed "the State to show the jury that petitioner [was] a criminal in general," but never required it to "produce evidence from any other offenses."[52]

In order to obtain relief, Gonzalez must show the trial court's error had a "substantial and injurious effect or influence in determining the jury's verdict."[53] In determining harm, a court should consider a host of factors, including:

> the importance of the witness'[s] testimony in the prosecution's case, whether the testimony was cumulative, the presence or absence of evidence corroborating or contradicting the testimony of the witness on material points, the extent of cross-examination otherwise permitted, and, of course, the overall strength of the prosecution's case.[54]

The Court will review the Eighth Court of Appeals' "last reasoned opinion" on this issue to determine whether the denial of this claim was contrary to or an unreasonable application of federal law.[55] The appellate court noted that Gonzalez's brother testified during direct

---

[50] *Id.*

[51] Pet'r's Suppl. Pet. 2, June 12, 2015, ECF No. 15-1.

[52] *Id.*

[53] *Brecht v. Abrahamson*, 507 U.S. 619, 623 (1993).

[54] *Sherman v. Scott*, 62 F.3d 136, 142 n.6 (5th Cir. 1995).

[55] *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991).

examination by defense counsel that Gonzalez had a "mellower and more peaceful disposition than his brothers."[56] It explained that "[b]y doing so, [the brother] left a false impression with the jury that invited the State to respond," as the testimony placed "Gonzalez's character for being law-abiding and peaceful ... in debate."[57] The Eighth Court of Appeals accordingly rejected Gonzalez's argument that the trial court erred, holding "that the trial court did not abuse its discretion by admitting the evidence of extraneous misconduct Gonzalez complains of on appeal."[58]

The State had a strong case against Gonzalez with multiple witnesses willing to testify about the altercation between Gonzalez and Cifuentes. The testimony from Gonzalez's brother, introduced by defense counsel, opened the door to questions concerning Gonzalez's extraneous offenses. Gonzalez did not contradict the evidence, elicited on cross-examination, that his brother was not aware that Gonzalez had previously been arrested for assaulting his wife, threatening his wife with a knife, pulling a handgun on a woman and asking her if she wanted to die, and destroying a friend's satellite dish.[59] The testimony was not critical to the prosecution's

---

[56] *Gonzalez v. State*, No. 08-11-00147-CR, 2012 WL 4101900, at *5 (Tex. App.-El Paso Sept. 19, 2012, pet. ref'd).

[57] *Id.* at *6 (citing *Bass v. State*, 270 S.W.3d 557, 563 (Tex. Crim. App. 2008) (holding an argument that the defendant was a pastor and minister and "the real deal" and the "genuine" article opened the door to questioning about his extraneous offenses); *Harrison v. State*, 241 S.W.3d 23, 27-28 (Tex. Crim. App. 2007) (holding testimony that the defendant was a "good" and "sweet" boy opened the door to questioning about his extraneous offenses); *Fuentes v. State*, 991 S.W.2d 267, 280 (Tex. Crim. App. 1999) (holding answers to questions as to whether the witness had ever seen a person misbehave or cause trouble clearly raised questions about the person's character)).

[58] *Id.*

[59] *Id.* at *4.

case.

Under these circumstances Gonzalez has not met his burden of showing that the trial court erred in permitting the cross-examination of his brother concerning his prior conduct, or that the evidence had a substantial and injurious effect or influence in determining the jury's verdict. Thus, Gonzalez has not met his burden of showing the state court's denial of relief with regard to this claim was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court.[60] In addition, Gonzalez has not shown that the state court's decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceedings.[61] He is not entitled to § 2254 relief on this claim.

## EVIDENTIARY HEARING

A court will hold an evidentiary hearing on a § 2254 petition only when the petitioner shows either (1) the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or (2) a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. Gonzalez does not assert that either prerequisite for a hearing exists in his case. The record is adequate to dispose fully and fairly of Gonzalez's claim. The Court need inquire no further on collateral review and an evidentiary hearing is not necessary.

## CERTIFICATE OF APPEALABILITY

A petitioner may not appeal a final order in a habeas corpus proceeding "[u]nless a circuit

---

[60] 28 U.S.C. § 2254(d).

[61] *Id.*

justice or judge issues a certificate of appealability."[62]  Further, appellate review of a habeas petition is limited to the issues on which a certificate of appealability is granted.[63]  Although Gonzalez has not yet filed a notice of appeal, this Court nonetheless must address whether he is entitled to a certificate of appealability.[64]

A certificate of appealability "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right."[65]  In cases where a district court rejects a petitioner's constitutional claims on the merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."[66]  To warrant a grant of the certificate as to claims that the district court rejects solely on procedural grounds, the petitioner must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[67]  Here, Gonzalez is not entitled to a certificate of appealability because reasonable jurists would not find debatable the Court's conclusions that he has not made a substantial showing of the denial of

---

[62] *Id.* § 2253(c)(1)(B) (2012).

[63] *See Lackey v. Johnson*, 116 F.3d 149, 151 (5th Cir. 1997) (holding that, in regard to the denial of relief in habeas corpus actions, the scope of appellate review is limited to the issues on which a certificate of appealability is granted).

[64] *See* 28 U.S.C. foll. § 2254 Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").

[65] 28 U.S.C. § 2253(c)(2).

[66] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see also United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (applying *Slack* to a certificate of appealability determination in the context of § 2255 proceedings).

[67] *Slack*, 529 U.S. at 484.

a constitutional right. Accordingly, the Court finds that it should deny Gonzalez a certificate of appealability.

## CONCLUSION AND ORDERS

The Court concludes that Gonzalez is not entitled to § 2254 relief. The Court further concludes that Gonzalez is not entitled to a certificate of appealability. Accordingly, the Court enters the following orders:

**IT IS ORDERED** that Gonzalez's original petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 (ECF No. 10) and supplemental petition (ECF No. 15-1) are **DENIED**, and his cause is **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that Gonzalez is **DENIED** a certificate of appealability.

**IT IS ALSO ORDERED** that all pending motions are **DENIED AS MOOT**.

**IT IS FINALLY ORDERED** that the Clerk shall **CLOSE** this case.

SO ORDERED.

SIGNED this 24th day of February, 2016.

DAVID C. GUADERRAMA
**UNITED STATES DISTRICT JUDGE**